### J. T. SWAGERTY V. THE STATE.

No. 21354.   Delivered January 8, 1941.

The opinion states the case.

*Callaway & Callaway*, of Brownwood, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was charged with keeping and exhibiting a pool table for hire, and was fined the sum of $75.00 by the jury.

It appears from the State's evidence that two members of the Public Safety Department went into appellant's place of business, in the city of Brownwood, and, observing a pool table in the rear of a restaurant, asked to be allowed to play a game of pool on such table. A negro porter uncovered the table and racked the pool balls, and, in company with two local citizens, these officers played some several games on this table. They testified that they paid the negro for some of the games, and also paid the appellant for the hire for the last two games played by them on the table.

There are only two bills of exceptions, the first relating to

the court's failure to quash the complaint and information. It is not clear to us in what particular the complaint and information are alleged to be defective, but the matter can be disposed of by us by saying that, in our opinion, such pleadings correctly charge a violation of the statute denouncing the keeping of a pool table for hire.

It will be noted that Art. 653, P. C., prohibits the operation or maintenance of a pool hall, as that term is defined by the laws of this State, and provides a punishment for such operation.

In order to find what is a pool hall under the laws of this State, we are relegated to the Civil Statutes, 1925, Art. 4668, which reads in part as follows: "No person acting for himself or others shall maintain or operate a pool hall within this State. The term 'Pool Hall,' as used herein, includes any room, hall, building or part thereof, tent or enclosure of any kind similar to those named, or any inclosed open space, in which are exhibited for hire, revenue, fees or gain of any kind, or for advertising purposes of any kind, any pool or billard table or stand or structure of any kind or character on which may be played pool or billiards, or any game similar to pool or billiards played with balls, cues or pins or any similar device. Any such table, stand or structure of any kind used or exhibited in connection with any place where goods, wares or merchandise or other things of value are sold or given away or where or upon which any money or thing of value is paid or exchanged shall be regarded as a place where is exhibited the same for hire, revenue or gain," and under the charge and the facts, we think the jury was justified in its verdict.

Appellant's bill of exceptions No. 2 complains of the trial court's action in overruling his first application for a continuance, which application was based upon the absence of two witnesses who were alleged to have played in the games with the two officers from the Public Safety Department. This bill should have contained the motion for a continuance so that the same could have been reviewed by us in its entirety. It does not thus contain the motion. If we search the record, which we are not required to do, we do find the motion set out therein in its entirety. It is evident from the record that the complaint and information were filed on April 23, 1940; it is further evident that a subpoena was applied for and issued on May 6, 1940, for these witnesses and the trial was had on May 7, 1940; that process for these witnesses was not requested for thirteen days after the filing of this case, and only one day prior to the time

such cause was called for trial. We are of the opinion that there was a lack of diligence upon the part of appellant in making his preparation for trial, as shown by the record, outside of his incomplete bill of exceptions No. 2.

We do not think error is presented herein, and the judgment is therefore affirmed.